```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:08CV118-MU-02
```

| | |
|---|---|
| VERNARD JACKSON,               )<br>     `                          )<br>     Plaintiff,                  )<br>                                )<br>     v.                         )     **O R D E R**<br>                                )<br>DANIEL "CHIP" BAILEY, Meck-    )<br>  lenburg County Sheriff;       )<br>A.J. SURFACE, Detention Offi-  )<br>  cer at the Mecklenburg        )<br>  County Jail; and              )<br>THE MECKLENBURG COUNTY JAIL,   )<br>     Defendants.                )<br>_____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's form-civil rights Complaint under 42 U.S.C. §1983, filed March 19, 2008. For the reasons stated herein, this Complaint will be <u>dismissed with prejudice</u>, ultimately for Plaintiff's failure to state a constitutional claim for relief.

Plaintiff's Complaint is somewhat difficult to decipher. However, as best as can be understood, Plaintiff has filed this civil action on the basis of his beliefs that Defendant Bailey subjected him to overcrowded conditions which contributed to an assault that he suffered at the hands of a fellow inmate. Plaintiff further alleges that Defendant Surface was negligent in the performance of his duties. Plaintiff contends that the Defendants' conduct violated his constitutional rights.

More particularly, Plaintiff alleges that Defendant Bailey was aware that the Mecklenburg County Jails were being overpopulated; that "by overcrowding that violen[t] e[rup]tions were sure to increase but chose to do so in spite of the risk; that on November 30, 2007, he was assaulted by a fellow inmate; that as a result of the assault, he received bruises, lacerations, a lump and knots on his head, pain and suffering; and that the overcrowded conditions were "contributing factors of the injuries [he] received."

As to Defendant Surface, Plaintiff specifically alleges that he "negligent[ly failed] to fulfill his constitutional duty as supervisor and safety director of POD Hg . . ."; that "[Surface's] negligence being unfairly impartial towards [him] an African American inmate not securing and making safe the living quarters and environment conducive to reduce the cause of serious or fatal personal injury to [him] while under the care and custody of the Meck. Co. Sheriff's Office."  Plaintiff further reports his belief that Surface's "negligence to act swiftly and effectively resulted in [Plaintiff's] substantial injuries that could have been fatal for a person of [his] age . . . ."

Based upon the foregoing, Plaintiff asks the Court to award him $143,000 in compensatory damages.  Suffice it to say, however, Plaintiff is not entitled to any relief on his claims.

First, it has not escaped the Court's attention that

Plaintiff has not alleged a single fact against defendant Mecklenburg County Jail or any other defendant which could justify the imposition of municipal liability.  See Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978) (explaining requirements for municipal liability); and Hughes v. Blankenship, 672 F.2d 403, 405-06 (4th Cir. 1982) (when alleged constitutional violation is not official act of municipality, recovery may lie, if at all, against officer in his individual capacity).  Indeed, other than listing the Jail as a defendant in the caption of his case, Plaintiff's Complaint makes no mention of the Jail, or any grounds for municipal liability.  Accordingly, Plaintiff's may not recover against the County Jail.

Second, the Court also observes that Plaintiff is seeking recovery from Defendant Surface on a theory of negligence. However, it is well settled that allegations of simple negligence do not state a claim for relief in the context of an action under § 1983.  Daniel v. Williams, 474 U.S. 327, 333-34 (1986).  Thus, Plaintiff may not proceed with his allegations against Officer Surface.

Third, as to Defendant Bailey, the Court must be mindful of certain pertinent legal precedent when analyzing Plaintiff's claim.  At the crux of his claim against Bailey, Plaintiff is alleging that Bailey is liable to him under § 1983 for injuries which he suffered from an assault.  Section 1983 imposes civil

3

liability on any person who, while acting under color of law, deprives another person of the rights and privileges secured by the U.S. Constitution and laws of the United States. 42 U.S.C. § 1983. That provision, however, "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotations and citations omitted). Here, the specific constitutional right which is implicated by Plaintiff's allegations against Defendant Bailey is the right not to be punished before an adjudication of guilt in accordance with due process of law, as guaranteed by the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979) (analyzing pre-trial detainee's complaint about inmate assault under 14th Amendment).

The Fourth Circuit has noted that "[a]ny time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates, whether he is convicted or awaiting trial . . . . Hence, it is not unconstitutional per se to subject a pretrial detainee to the basic risks of harm inherent in any incarceration." Westmoreland v. Brown, 883 F. Supp. 67, 74 (E.D. Va. 1995). Further, "[i]t is not [] every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In fact, in Farmer, the Supreme Court

4

addressed what constitutes punishment, stating that while an official's act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, "[it] cannot under our cases be condemned as the infliction of punishment."

Rather, to hold a jail administrator liable for inflicting an impermissible "punishment" on the basis of his failure to prevent an inmate assault, a plaintiff must show, <u>inter alia</u>, that such administrator knew of and disregarded an excessive risk to his health or safety. <u>Id</u>. That is, the law requires a plaintiff to show: (1) that he was incarcerated under conditions posing a substantial risk of serious harm; and (2) that the defendant deliberately was indifferent to those conditions. <u>Id</u>.

The first prong of that test is objective and requires proof that a defendant's action or inaction resulted in or created a substantial or excessive risk of harm. <u>Id</u>. The second prong is subjective, and requires proof that the defendant was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and [that defendant drew] that inference." <u>Id</u>.

In the instant case, Plaintiff has failed to allege facts which show that he could meet either of the foregoing burdens. To be sure, the only matter to which Plaintiff repeatedly points is the overpopulation of the Jail contributed to the cause of his

assault. However, that allegation is much too conclusory to support either prong of the Farmer test. The overcrowded conditions do not, in and of themselves, establish conditions posing a substantial risk of serious harm to the inmates. Further, Plaintiff does not allege that the Jail experienced inmate assaults at a greater frequency than occurred at other Jails with fewer inmates. Thus, Plaintiff's allegations fall short of stating a claim for relief against Defendant Bailey.

In sum, the Court finds that it is regrettable that Plaintiff suffered an assault at the hands of a fellow inmate. Nevertheless, Plaintiff has failed to allege facts which could subject any of the Defendants to liability for that assault. Accordingly, Plaintiff's Complaint must be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The plaintiff's Complaint is **DISMISSED with prejudice** for his failure to state a constitutional claim for relief therein. See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: March 26, 2008

Graham C. Mullen
United States District Judge

6